### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | No. 22-12545-amc |
| JOSEPH M. TINNEY : | Chapter 13 |
| Debtor : | |

### HATBORO FEDERAL SAVINGS BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. Joseph M. Tinney ("Debtor") filed a Petition through counsel under Chapter 13 of the United States Bankruptcy Code on or about September 22, 2022.

2. Hatboro Federal Savings ("Movant") has a lien on 419 Tanner Road, Hatboro, PA 19040 (hereinafter referred to as the "Property"), which is the subject of a foreclosure action in the Court of Common Pleas of Montgomery County docketed at 2019-28017 ("Foreclosure Action").

3. Movant holds a judgment in the Foreclosure Action against Debtor, entered in the amount of $176,358.85 with interest from June 21, 2022 (hereinafter referred to as the "Judgment").  A true and correct copy of the Montgomery County docket is attached hereto as Exhibit "A".

4. The Property was scheduled for Sheriff's Sale on September 28, 2022, however, as a result of Debtor's bankruptcy Petition in this matter, that Sheriff's Sale has been postponed to January 25, 2022.

5. Movant requests an expedited hearing as it will suffer irreparable harm if this issue is left unresolved.

6. Debtor filed a prior bankruptcy on February 17, 2020, docketed at 20-10949-amc, shortly after receipt of the 10-day Notice of Default in the Foreclosure Action.

1946248-1

7. This Court entered an Order granting Movant Relief from the Automatic Stay in the prior bankruptcy on June 1, 2022 due to Debtor's failure to make post-petition payments. (A true and correct copy of the Relief Order is attached hereto as Exhibit "B").

8. This Court dismissed the prior bankruptcy on August 23, 2022 for failure to make plan payments. (A true and correct copy of the Order dismissing the matter is attached hereto as Exhibit "C").

9. The instant bankruptcy was filed exactly thirty (30) days after the dismissal on September 22, 2022, days before the Sheriff Sale.

10. Movant is entitled to relief from the Automatic Stay pursuant to 11 USCS § 362 (d)(4)(B) which states in part:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
>
> **(4)** with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either:
>
> **(B)** multiple bankruptcy filings affecting such real property.

11. Based on information and belief, Debtor filed the instant Bankruptcy in an attempt to delay and hinder Movant from selling the Property at Sheriff's Sale.

Both bankruptcy Petitions have been filed close in time to developments in the foreclosure action.

12. Movant is also entitled to relief from the Automatic Stay pursuant to 11 USCS § 362 (c)(3)(A) which states in part:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section:
>
> **(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13 [11 USCS §§ 701 et seq., 1101 et seq.,

1946248-1

or 1301 et seq.], and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) [11 USCS § 707(b)]—

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

13. Pursuant to 11 USCS § 362 (c)(3)(A), and because the Debtor had a bankruptcy pending within the preceding one (1) year which was dismissed, the Automatic Stay shall terminate on the 30th day after the filing of this present case, or October 22, 2022.

14. Additionally, under 11 USC §362(d)(1), cause exists to grant Movant relief from Stay to proceed with a non-bankruptcy action to final judgment in the non-bankruptcy forum for failure to make Post-Petition payments.

15. Each monthly payment for the mortgage is currently $1,324.73.

16. Each monthly payment for the home equity line of credit is $176.06.

17. Debtor failed to make his initial post-petition payments on either the mortgage or the home equity line of credit that were due on October 1, 2022.

18. Movant was granted Relief from the Automatic Stay on the prior bankruptcy due to Debtor's failure to pay post-petition debt.

19. Movant is entitled to relief from the automatic stay due to Debtor's use of bankruptcy filings to delay and hinder his real property creditors, as well as Debtor's dismissal of a prior bankruptcy within the last year and because Debtor has already failed to pay his post-petition debt to Movant.

1946248-1

**WHEREFORE**, Movant respectfully requests that this Honorable Court issue an Order granting the following:

1. Immediate relief from the Automatic Stay as to Movant;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed with the Sheriff's Sale of the Property;

3. Movant is not subject to an automatic stay on any subsequent bankruptcies filed by Debtor and may proceed with foreclosure and/or Sheriff Sale proceedings.

                         **TIMONEY KNOX, LLP**

By: *(signature)*
        John J. McAneney, Esquire
        Elena M. Baylarian, Esquire
        Attorneys for Movant
        Hatboro Federal Savings Bank

Dated: 10/21/22

1946248-1